**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

KENNETH WALTON,

          Petitioner,

v.

                                        Case No. 25-cv-12573
                                        HON. MARK A. GOLDSMITH

JOHN CHRISTIANSEN,

          Respondent.

_____/

### OPINION & ORDER (i) DENYING PETITION FOR WRIT OF HABEAS CORPUS, (ii) DENYING CERTIFICATE OF APPEALABILITY, AND (iii) GRANTING LEAVE TO APPEAL IN FORMA PAUPERIS

This is a habeas case filed under 28 U.S.C. § 2254. Kenneth Walton challenges his 2013 convictions for armed robbery, Mich. Comp. Laws § 750.529, and felony firearm, second offense, Mich. Comp. Laws § 750.227b. The Court directed Petitioner to show cause why his case should not be dismissed as barred by the statute of limitations. Dkt. 4. Petitioner filed a timely response to the show cause order. Dkt. 5.

For the reasons explained below, the Court denies the petition as time barred. The Court denies a certificate of appealability, and grants Petitioner leave to proceed on appeal in forma pauperis.

# I.  BACKGROUND

On June 17, 2013, Petitioner pleaded guilty in Wayne County Circuit Court to the offenses listed above.  See Petition, PageID.20.  On July 17, 2013, Petitioner was sentenced to consecutive sentences of 8 years, 6 months to 25 years for armed robbery and 5 years for felony firearm, second offense.  Id.

The Department of Corrections later notified the trial court that Petitioner was not entitled to jail credit and that his sentence should have been consecutive to a prior sentence.  Id. at PageID.21.  Petitioner was resentenced on October 28, 2013. Id.

Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals raising the same claim raised in this petition.  The Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented."  People v. Walton, No. 319800 (Mich. Ct. App. Jan. 31, 2014).  The Michigan Supreme Court also denied leave to appeal.  People v. Walton, 849 N.W.2d 339 (Mich. July. 29, 2014)(Mem).

In February 2023, Petitioner filed a motion for relief from judgment in the trial court.  The trial court denied the motion.  See ECF No. 21, PageID.21. Petitioner then filed an application for leave to appeal in the Michigan Court of Appeals. The court of appeals denied leave to appeal because Petitioner "failed to establish that the trial court erred in denying the motion for relief from judgment."

2

<u>People v. Walton</u>, No. 370061 (Mich. Ct. App. Aug. 2, 2024).  The Michigan

Supreme Court also denied leave to appeal.  <u>People v. Walton</u>, 18 N.W.3d 210

(Mich. March 28, 2025).

Petitioner's habeas petition was filed on August 12, 2025.  The petition raises

a single claim:

> Defendant was denied protection under the 6th and 14th Amendments
> due process and right to effective assistance of counsel where counsel
> failed to notice misrepresentation of defendant's psychological and
> psychiatric history to support a valid guilty plea.

Petition at PageID.5.

On September 3, 2025, the Court issued an Order to Show Cause ("Show

Cause Order"), directing Petitioner to show cause why the case should not be

dismissed for failure to comply with the statute of limitations.  Dkt. 4.  Petitioner

filed a response on September 30, 2025.  Dkt. 5.

## II.  ANALYSIS

The Antiterrorism and Effective Death Penalty Act ("AEDPA") amended the

habeas corpus statute to impose a statute of limitations for habeas actions. Title 28

U.S.C. § 2244(d) sets a one-year statute of limitations on petitions seeking habeas

relief:

> (1) A 1-year period of limitation shall apply to an application for a writ
>     of habeas corpus by a person in custody pursuant to the judgment of
>     a State court. The limitation period shall run from the latest of—

3

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was originally recognized by the Supreme Court if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Petitioner does not rely on a newly recognized constitutional right or on newly discovered facts and he does not allege that a state-created impediment prevented him from filing a timely petition. Consequently, the relevant subsection is § 2244(d)(1)(A), which states that a conviction becomes final at "the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

The Court must ascertain when Petitioner's conviction became "final." 28 U.S.C. § 2244(d)(1); Wilberger v. Carter, 35 F. App'x 111, 115 (6th Cir. 2002). A state-court judgment becomes "final" when direct review by the state court ends or

4

when the time to seek direct review expires, whichever is later.  See Wilberger v. Carter, 35 F. App'x 111, 114 (6th Cir. 2002).

Petitioner appealed his conviction first to the Michigan Court of Appeals and then to the Michigan Supreme Court.  The Michigan Supreme Court denied leave to appeal on July 29, 2014.  People v. Walton, 849 N.W.2d 339 (Mich. July 29, 2014). Petitioner had ninety days from that date to file a petition for writ of certiorari with the United States Supreme Court, but he did not do so.  Thus, his conviction became final on October 27, 2014, when the time for seeking certiorari expired.  See People v. Walton, 849 N.W.2d 339 (Mich. July 29, 2014); Jimenez v. Quarterman, 555 U.S. 113, 120 (2009) (holding that a conviction becomes final when the time for filing a certiorari petition expires).  The last day on which a petitioner can file a petition for a writ of certiorari is not counted toward the one-year limitations period. Id. at 285. Accordingly, Petitioner's limitations period commenced on October 28, 2014, and continued to run until it expired one year later, on October 28, 2015.  His habeas petition was filed on August 12, 2025, almost ten years after the limitations period expired.

Petitioner's motion for relief from judgment filed in the trial court on February 28, 2023, over seven years after the limitations period expired, did not restart or toll the expired limitations period.  Vroman v. Brigano, 346 F.3d 598, 602 (6th Cir. 2003) (holding that the filing of a motion for collateral review in state court serves

5

to "pause" the clock, not restart it).  The petition, therefore, is untimely unless Petitioner can show that he is entitled to equitable tolling.

AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." Holland v. Florida, 560 U.S. 631, 645 (2010). A habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way'" and prevented the timely filing of the habeas petition.  Id. at 649 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).  A petitioner bears the burden of demonstrating entitlement to equitable tolling, Pace, 544 U.S. at 418, and federal courts should grant equitable tolling sparingly.  Moss v. Miniard, 62 F.4th 1002, 1010 (6th Cir. 2023).

Petitioner argues that the limitations period should be equitably tolled because (1) his attorney failed to inform him of the one-year deadline and did not respond to his correspondence, and (2) he struggled with mental health issues during the relevant period. Dkt. 5, PageID.54–55. Neither argument has merit.

First, Petitioner maintains that equitable tolling should apply because his appellate attorney failed to advise him of AEDPA's one-year limitations period and ignored his questions.  But habeas corpus petitioners are not entitled to counsel. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987).  So blaming his tardiness on an attorney's error does not justify equitable tolling.  See Lawrence v. Florida, 549 U.S.

6

327, 336-37 (2007).  This is especially true because state trial and appellate attorneys are under no obligation to inform a client of AEDPA's filing deadline.  See Martin v. Hurley, 150 F. App'x. 513 (6th Cir. 2005) (finding that attorney's failure to advise petitioner of AEDPA deadline is not extraordinary circumstance warranting equitable tolling).  Moreover, a petitioner's ignorance of the one-year limitations period does not justify equitable tolling.  See Keeling v. Warden, Lebanon Corr. Inst., 673 F.3d 452, 464 (6th Cir. 2012) (pro se status is not an extraordinary circumstance); Allen v. Yukins, 366 F.3d 396, 403 (6th Cir. 2004).  (ignorance of the law does not justify tolling of the limitations period).

Second, Petitioner states that his impaired mental functioning and treatment for depression from approximately December 23, 2013, through May 9, 2014, entitle him to equitable tolling.  Dkt. 5, PageID.54-55.  In limited circumstances, a petitioner's mental incompetence can constitute an extraordinary circumstance warranting equitable tolling.  Ata v. Scutt, 662 F.3d 736, 742 (6th Cir. 2011).  Under Ata, a petitioner must demonstrate both that he was mentally incompetent during the relevant period and that the incompetence caused the late filing—in other words, a "causal link between the mental condition and the untimely filing."  Id. A mental impairment "'might justify equitable tolling if it interferes with the ability to understand the need for assistance, the ability to secure it, or the ability to cooperate

7

with or monitor assistance'" once obtained.  Stiltner v. Hart, 657 F. App'x 513, 521 (6th Cir. 2016) (quoting Bills v. Clark, 628 F.3d 1092, 1100 (9th Cir. 2010)).

Petitioner provides no evidentiary support for his claimed mental health issues or for any causal connection between the alleged disabilities and his failure to comply with the statute of limitations.  Lower-than-average intelligence, standing alone, is insufficient to warrant equitable tolling.  Pinchon v. Myers, 615 F.3d 631, 641-642 (6th Cir. 2010); see also Columbert v. Brewer, No. 18-1339, 2018 WL 4621951 (6th Cir. 2018) (declining to equitably toll limitations period where petitioner provided no evidence to show a causal connection between mental condition and alleged inability to comply with statute of limitations).

In addition, a petitioner's ability to pursue other litigation during the relevant time period is probative of whether a mental impairment actually prevented timely filing.  See Bilbrey v. Douglas, 124 Fed. App'x 971, 973 (6th Cir. 2005) (finding equitable tolling unavailable where, although petitioner had "continuing mental health problems", she continued to litigate in the state court); Price v. Lewis, 119 Fed. App'x 725, 726 (6th Cir. 2005) ("The exceptional circumstances that would justify equitable tolling on the basis of mental incapacity are not present when the party who seeks the tolling has been able to pursue his or her legal claims during the period of his or her alleged mental incapacity.") (quotation omitted).  Here, Petitioner filed a motion for relief from judgment in the trial court in 2023 and sought

leave to appeal its denial.  In 2022, he also filed a complaint under 42 U.S.C. § 1983, in the United States District Court for the Western District of Michigan.  See Walton v. Meehan, et al., No. 22-cv-00014.  Even if Petitioner received assistance from the prison legal writer program when filing these cases, equitable tolling is not warranted.  The Sixth Circuit has declined to equitably toll the limitations period when a petitioner who was claiming mental incompetence actively pursued claims in state court "by seeking and obtaining help completing legal paperwork."  Price, 119 Fed. App'x at 725.

The record does not support Petitioner's assertion that his low intelligence, mental illness, or the medication side effects were so severe that they prevented him from seeking federal habeas relief in a timely manner.  His petition is therefore untimely and will be dismissed.

## V.  CERTIFICATE OF APPEALABILITY

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue if the petitioner shows that jurists of reason would find it debatable whether the petitioner

states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484 (2000).

The Court declines to issue Petitioner a certificate of appealability because reasonable jurists would not find it debatable whether the Court was correct in determining that Petitioner filed his habeas petition outside of the one-year limitations period and is not entitled to equitable tolling.

## V.  ORDER

For the reasons set forth above, the Court denies the petition for writ of habeas corpus and declines to issue a certificate of appealability.

The Court grants Petitioner leave to proceed in forma pauperis on appeal because an appeal could be taken in good faith.  See Fed. R. App. P. 24(a).

**SO ORDERED.**

Dated: June 12, 2026  
Detroit, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 12, 2026.

s/Joseph Heacox
JOSEPH HEACOX
Case Manager

11